# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-  Case No. 6:09-cr-247-Orl-28DAB

**LEON HARMON**

___

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO SUPPRESS (Doc. No. 18)
>
> **FILED:** September 23, 2011
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Leon Harmon, the Defendant in this case, is charged by indictment with one count of possession with intent to deliver a detectable amount of powder cocaine, one count of possession of a firearm during that crime, and one count of possession of a firearm by a convicted felon. He has moved to suppress the physical evidence taken from his vehicle, contending that law enforcement officers engaged in an illegal stop, search and seizure.

**Factual Background**

From the testimony at the November 1, 2011 hearing I find the following. On June 16, 2009, Orange County Sheriff's Deputies Charles Barrett and Joe Covelli were on patrol in the area of 39th Street and Rio Grande in Orlando, Florida. Deputy Barrett saw a red Dodge Charger traveling south

on Rio Grande and could tell that the car had dark tinted windows.[1] Deputy Barrett ran the tag number on the car and found out that the car was registered to Dollar Rent A Car. As soon as Harmon pulled into an apartment complex parking lot, Deputy Barrett made the stop. Harmon followed instructions by exiting his car (leaving the driver's door open) and approaching Deputy Barrett. In response to inquiry, Harmon admitted that his license was suspended for the third or fourth time.

Deputy Joe Covelli, who had also been following Harmon went to the Charger and spoke with the passenger. While doing so, Deputy Covelli noticed the smell of burned marijuana. Deputy Barrett, after hearing that Harmon's license was suspended, went to the car and also smelled burned marijuana.[2] He then asked Harmon if he had been smoking, and Harmon replied "earlier."

Deputy Barrett proceeded to search the Charger. He found a clear plastic bag containing a white powder, which he believed was cocaine. He also found additional smaller bags of white powder, a loaded revolver and a jar containing what appeared to be marijuana. Deputy Barrett tested the driver's window and confirmed it was excessively tinted. No residue of burned marijuana was found. The Charger was not rented in the name of either Harmon or the passenger and was subject to towing in accord with usual procedures.

**Applicable Law**

*Warrantless search*—"[A]nalysis begins, as it should in every case addressing the reasonableness of a warrantless search, with the basic rule that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the

---

[1] The patrol officers had been alerted to follow the Charger by another officer who saw it leave a residence previously identified as an active drug trafficking site.

[2] Harmon challenges the deputies' testimony that they were able to smell burned marijuana. However, other than the statement of disagreement, nothing was offered in evidence to call their testimony into question. The absence of residue hardly disproves that marijuana was smoked in or around the car.

Fourth Amendment-subject only to a few specifically established and well-delineated exceptions.' *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Weeks v. United States*, 232 U.S. 383, 392 (1914), *overruled in part by Mapp v. Ohio*, 367 U.S. 643 (1961). The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations. *Arizona v. Gant*, 556 U.S. 332 (2009). In *Gant*, the Court clarified the standard for automobile searches incident to an arrest:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

173 L.Ed.2d at 501.

*Legality of Traffic Stop*–A warrantless traffic stop is lawful "'when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles.'" *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (quoting *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990)). *See also Whren v. United States*, 517 U.S. 806 (1996).

**Analysis and Conclusions**

Based on the evidence presented, including the photographs of the car, Deputy Barrett had ample cause to believe that a window tint violation was present. He had been alerted to the excessive tinting by another officer and was in position to view the driver's window as Harmon's car drove by. Accordingly, the initial stop of Harmon's car and Deputy Barrett's questioning of him were lawful.

Once Harmon admitted that he was driving with a license suspended many times, he was subject to arrest.[3] This conclusion leads to several consequences. Because the car would not be released in the absence of someone authorized under the rental contract, it was subject to impoundment and an inventory search that would necessarily lead to discovery of the physical evidence at issue here. Moreover, once an arrest was in process, the *Gant* principles came into play. *Gant*. In *Gant* the arrestee had been secured in the back of a police car and had no possible access to the interior of his own car. Thus, the exception to warrant requirement was inapplicable. In this case, however, neither Harmon nor his passenger had been secured when the search occurred. Even if they were a few feet away from the car, it cannot be said that they had no practical access to its interior. This case is more akin to the core holding of *New York v. Belton*, 453 U.S. 454 (1981) as clarified in *Gant*. Deputy Barrett, for reasons of officer safety alone, was authorized to search the interior of the car for weapons.

In addition, prior to the search, Deputy Barrett had detected the smell of burned marijuana while standing at the open driver's door. At that point, probable cause existed to search the car for potential evidence of a drug offense. *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982).

Because the initial stop and subsequent investigation were lawful and, based on that investigation, the deputy made the decision to arrest Harmon and gained evidence establishing probable cause of a drug crime involving the car, the search of the car's interior without a warrant was authorized. The motion to suppress the physical evidence found in and seized from the car should be **DENIED**.

---

[3] Harmon was not subject to custodial arrest merely for the tint violation.

-4-

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 4th day of November, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy